Wachtler, J.
(dissenting). The critical question is not whether the defendant is entitled to an absolute privilege for statements she makes as a leader of an activist tenants organization, but whether the privilege should apply when she represents individual tenants in proceedings before the State Commission of Housing and Community Renewal, as she is permitted to do pursuant to the procedures adopted by the agency.
As the Appellate Division noted, these are often minor cases involving persons who cannot afford counsel and are unable to represent themselves because of age, disability, language barriers, or unfamiliarity with their rights. If there are compelling reasons for granting an absolute privilege to litigants and attorneys appearing before this body, the privilege should apply as well to those volunteer representatives whom the tenant has chosen to speak on his or her behalf. The privilege should not be applied in such a way as to only foster the rights of those who are capable of representing themselves or financially able to retain counsel.
For these and the other reasons stated in the opinion by Justice Seymour Boyers at the Appellate Division, the order of the Appellate Division should be affirmed.
Judges Jasen, Jones and Meyer concur with Judge Simons; Judge Wachtler dissents and votes to affirm in a separate opinion in which Chief Judge Cooke concurs.
*212 Order reversed, with costs, motion to dismiss the complaint denied and case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the opinion herein.